UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMYLIN PHARMACEUTICALS, INC. ) | Civil No. 11-CV-1061 JLS  (NLS) |
| ) | |
| Plaintiff, ) | **ORDER DENYING RENEWED** |
| v. ) | **REQUEST FOR EARLY NEUTRAL** |
| ) | **EVALUATION, DISCOVERY** |
| ELI LILLY AND CO. ) | **CONFERENCE, AND STATUS/CASE** |
| ) | **MANAGEMENT CONFERENCE** |
| Defendant. ) | |
| ──────────────────────── ) | [Docket No. 79.] |

Presently before the Court is a Renewed Request for Early Neutral Evaluation by Plaintiff Amylin Pharmaceutical, Inc. ("Amylin"). [Docket No. 79.]

**I.    PROCEDURAL BACKGROUND**

On May 15, 2011, Amylin filed a Complaint alleging claims for breach of contract and anticompetitive conduct against Defendant Eli Lilly and Co. ("Lilly"). Amylin accuses Lilly of agreeing to market Amylin's diabetes drug and then agreeing with Boehringer Ingelhiem BmbH ("BI") to market its diabetes drug in a preferred position over Amylin's product. On the same day, Amylin also filed a Motion for a Temporary Restraining Order ("TRO"). [Docket Nos. 1, 2.] The Motion for a TRO was granted on May 23, 2011. [Docket No. 14.] On June 8, 2011, the Court vacated the TRO and denied a Motion for Preliminary Injunction. [Docket No. 44.] On June 9, 2011, the Court Granted a Joint Motion to extend the time for Lilly to respond to the complaint to July 11, 2011. [Docket No. 48.] On the same day, Amylin filed a Motion for an Injunction Pending an Appeal of the Order Denying a Preliminary Injunction. The Court denied that motion. [Docket Nos. 50, 51.] On June 10, 2011,

Amylin filed an appeal of the Order denying the Motion for Preliminary Injunction. [Docket No. 52.] The Ninth Circuit denied Amylin's request for immediate interim injunctive relief and Amylin's emergency motion for injunctive relief pending appeal. [Docket Nos. 56, 57.]

On June 30, 2011, Amylin filed the Request for Early Neutral Evaluation, Discovery Conference, and Status/Case Management Conference. [Docket No. 67.] On July 1, 2011, Lilly filed a Motion to Stay this action pending Mediation, claiming that the parties are contractually obligated to submit the dispute to certain agreed-upon mediation procedures prior to litigation. [Docket No. 70.] On July 5, 2011, Lilly filed an Opposition to the Request for Early Neutral Evaluation, Discovery Conference, and Status/Case Management Conference. [Docket No. 71.]

On July 6, 2011, this Court denied the Request for Early Neutral Evaluation, Discovery Conference, and Status/Case Management Conference. [Docket No. 72.] The Court reasoned that Local Rule 16.1(c)(1) only provides for an Early Neutral Evaluation after an Answer has been filed and no Answer was on file at the time. The Court also looked at the provision of Local Rule 16.1(c)(1) providing that any party may request the court

> to hold an early neutral evaluation conference, discovery conference or status/case management conference. . . . Upon receiving such request, the judicial officer will examine the circumstances of the case and the reasons for the request and determine whether any such conference would assist in the reduction of expense and delay [in] the case.

*Id.*

The Court rejected Amylin's argument that discovery must commence in order to have meaningful settlement discussions because the Local Rules do not contemplate discovery prior to the Early Neutral Evaluation. The Court also declined to circumvent the private mediation procedures previously agreed to by the parties. Finally, the Court rejected Amylin's argument that its ongoing harm required immediate discovery, reasoning that the presiding trial Judge and the Ninth Circuit have both declined to issue a preliminary injunction.[1]

The parties agreed to private mediation and filed a joint motion to withdraw the Motion to Stay. [Docket No. 76.] On August 26, 2011, the parties filed a notice that the mediation had taken place on

---

[1] As Amylin argues, the Ninth Circuit has not yet ruled on the merits of the appeal of the order denying the preliminary injunctions. As noted earlier, however, the Ninth Circuit has twice denied Amylin's request for a preliminary injunction while the appeal is pending.

August 11-12, 2011, but was unsuccessful. [Docket No. 78.] Also on August 26, 2011, Amylin filed the Renewed Request for Early Neutral Evaluation currently before the Court. [Docket No. 79.]

## II.  DISCUSSION

### A.  The Federal Rules of Civil Procedure and the Local Rules

Amylin argues that Rule 16 requires a scheduling Order to issue within 120 days after service of the complaint. Rule 16 provides:

> (1) Scheduling Order. **Except in categories of actions exempted by local rule**, the district judge--or a magistrate judge when authorized by local rule--must issue a scheduling order:
>
>> (A) after receiving the parties' report under Rule 26(f); or
>>
>> (B) after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference or by telephone, mail, or other means.
>
> (2) Time to Issue. The judge must issue the scheduling order as soon as practicable, but in any event within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared.

Fed. R.Civ. P. 16 (b) (emphasis added). Amylin claims that Rule 16 requires a Scheduling Order in this case within 120 days of service of the Complaint. Amylin is mistaken. Rule 16 allows for Local Rules to exempt certain actions and the Civil Local Rules for the Southern District of California provide:

> **Cases in which Status Conferences are not Required**. At the discretion of a judge assigned to the case, ENE and case management conferences need not be set in the following categories of cases:
> . . .
> 5. Cases in which a substantial number of defendants have not answered;

Civ. L.R. 16.1.e. In this case, no answer has been filed. Accordingly, the Court need not set an Early Neutral Evaluation or issue a Scheduling Order until an Answer has been filed.

### B.  Reduction of Expense and Delay

Amylin next argues that an Early Neutral Evaluation and the initiation of discovery will reduce delay and expense. Amylin claims that the same discovery is necessary for both the contractual and statutory claims. Amylin further asserts that Lilly's pending Motion to Dismiss is directed only at the antitrust claims and, therefore, discovery will have to take place into the contractual claims regardless of the outcome of the Motion to Dismiss. Lilly disputes that the same discovery will be necessary and claims that starting discovery now will only add to the expense of the litigation. Lilly claims that

discovery into the two types of claims will overlap, but that additional discovery will be required if the Motion to Dismiss is denied. Additionally, Lilly asserts that it will be bringing counterclaims that will also change the scope of the discovery. Lilly argues persuasively that this case will involve substantial electronically stored information ("ESI") and that it would be inefficient to initiate discovery on a subset of claims because the negotiations over search terms, custodians to be included, and discovery protocols would have to be repeated after Lilly has filed an Answer.

The Court is persuaded that initiating discovery at this time would not reduce the expense of this litigation because of the likelihood of duplication of effort after Lilly files counterclaims and if the Motion to Dismiss is not entirely successful.

### C. Amylin's Claims of Increased Harm

Amylin next argues that immediate discovery is warranted by the expected FDA approval of two new Amylin drugs. Amylin expects FDA approval for: 1) As soon as October of 2011, Byetta with basal insulin, which will compete with both a Lilly product, Humalog , and a BI product, Tradjenta; and 2) In January 2012, Bydureon a "revolutionary once-weekly injectable product". Amylin claims that it will suffer additional harm because Lilly will be selling Byetta alongside two competing products and because "Lilly's sales force plan is both undermining the launch and severely harming the long term success of Bydureon." Lilly responds that the expected approval dates for Byetta and Bydureon are not new and were fully addressed during the preliminary injunction motion process. A cursory review of the preliminary injunction motion papers shows that the parties were aware of, and argued about, harm to sales of both Byetta and Bydureon. Accordingly, the "new development" does not warrant the immediate holding of an Early Neutral Evaluation or the immediate initiation of discovery in this case.

### III. CONCLUSION

For the foregoing reasons, It Is Hereby Ordered that Amylin's Renewed Request for Early Neutral Evaluation, Discovery Conference, and Status/Case Management Conference is **DENIED**.

**IT IS SO ORDERED.**

DATED: August 31, 2011

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge